IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CRISTINE DIANE DEMPSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09CV790-SRW |
| | ) | (WO) |
| CAROLYN W. COLVIN, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In this Social Security appeal, after the plaintiff prevailed in the Eleventh Circuit
Court of Appeals, this court entered judgment reversing the decision of the Commissioner
and remanding the case for further administrative proceedings. (Doc. ## 25, 26, 27).  This
action is presently before the court on plaintiff's motion for attorney's fees and expenses
pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  In her initial
motion, plaintiff seeks to recover "expenses" on appeal in the amount of $330.58 and fees
for 84.1 hours of work performed by her attorneys.  (Doc. # 28).  The Commissioner opposes
the motion.  (Doc. # 30).[1]  In her reply, plaintiff seeks an award of fees for an additional ten
hours of work performed by her attorney in litigating the present fee petition.  (Doc. # 33, pp.

---

[1]  The court concludes that it has the authority to award "fees and other expenses" pursuant
to the EAJA for work performed on appeal; the Commissioner does not contend otherwise.  See 28
U.S.C. § 2412(d)(1)(A); see also 11th Cir. Rule 39-2(a) and (e)(allowing a party who may be entitled
to attorney's fees and expenses on appeal, in cases remanded to a district court for further
proceedings, to request such fees and expenses in a timely application filed with the district court
upon disposition of the matter on remand).

13-14; Doc. # 33-1).[2]

### The Commissioner's Position was not "Substantially Justified"

Under the EAJA, the court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner opposes any award of fees in this case. She does not argue that any special circumstances exist that make an award unjust, but she contends that plaintiff is not entitled to fees because the Commissioner's position was "substantially justified." (Doc. # 28). "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – *i.e.* when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, 588 (11th Cir. 1995)(quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The government bears the burden of showing that its position was substantially justified." U.S. v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997)(citation omitted); see also U.S. v. Aisenberg, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004)(observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees.").

The Eleventh Circuit continues to require that the Commissioner's decisions reflect

---

[2] The Commissioner has not sought leave to respond to plaintiff's supplemental request.

consideration of the opinion of a treating physician, including any reasons for giving such an opinion less weight.  See Winschel v. Commissioner of Social Security, 631 F.3d 1176 (11th Cir. 2011).  In affirming the Commissioner's decision, this court did not conclude that the ALJ did not err in this regard but, instead, that any such error was harmless as the evidence did not apply to the period at issue in plaintiff's Title II claim.  (Doc. # 20, pp. 9-10).  The Eleventh Circuit reversed this court's judgment, determining that the ALJ's failure to state his reasons for rejecting the opinion of plaintiff's treating physician as to her ability to concentrate and his failure to mention the disability parking pass certification by another of her treating physicians required reversal of the Commissioner's decision.  (Doc. # 25, pp. 9-10). To satisfy her burden of establishing substantial justification, the Commissioner must demonstrate that her position was substantially justified throughout the case, including in the administrative proceedings before the Commissioner.  28 U.S.C. § 2412(d)(2)(D)("position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"); Myers v. Sullivan, 916 F.2d 659, 666 n. 5 (11th Cir. 1990)("An examination of whether the government's position was substantially justified encompasses an evaluation of *both* the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department.")(emphasis in original)(citations omitted).  The Commissioner has not satisfied her burden in the present case.  There being no substantial justification for the government's position, the plaintiff is entitled to an award of fees under the EAJA.

**Number of Hours Claimed**

The Commissioner contends that filing is a clerical task that is not compensable as attorney work, and asks that this court disallow completely those fees attributable to the entries in attorney Chambers' schedule of hours indicating that Chambers spent time on filing (in addition to performing other work).  (Doc. # 30, pp. 15-16).  The court agrees that the task of "filing" a document in an attorney's office files is a non-compensable clerical task. (See Doc. # 28-2, p. 2 (Chambers 2/23/10 entry, including time to review and "file" the Commissioner's brief)).  However, the court does not adopt the Commissioner's suggestion that it decline to award fees for the entire entry; instead, the court will deduct 0.1 hours – a reasonable estimate of the time required for Chambers to perform the clerical task of placing the Commissioner's brief in her own office files.   However, the docket reflects that on each of the other instances challenged by the Commissioner, Chambers filed a motion or pleading through the court's electronic case filing system  (See Doc. # 11, 12, 14, 17).  As plaintiff argues (see Doc. # 33, pp. 10-11), "filing" a brief or pleading electronically subjects an attorney to Rule 11 sanctions.   A general order of this court provides that "[t]he electronic filing of petitions, pleadings, motions, or other documents by an attorney who is a registered participant in the CM/ECF Electronic Filing System shall constitute the signature of that attorney under Federal Rule of Civil Procedure 11."  In Re: Procedures and Practices  for Case Management/Electronic Case Files (CM/ECF), General Order No. 2:04mc3164, ¶ 4 (M.D. Ala. Feb 6, 2004).  Under the administrative procedures promulgated by the Clerk

pursuant to the general order, this "court will issue logins and passwords only to attorneys in good standing. (<u>Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System</u> (M.D. Ala., as revised on May 2, 2007) at ¶ I(F)(2)). While the general order permits attorneys to provide their CM/ECF passwords to their employees so that attorneys may delegate the task of electronic filing (General Order at ¶¶ 5, 6), it does not *require* them to do so. Thus, the court finds the Commissioner's argument that time spent by an attorney to "file" a document through the court's electronic filing system is not compensable without merit, and will allow fees for the time Chambers spent on this task.

Plaintiff seeks fees for three hours Chambers worked on January 21, 2010 to "Finalize and File Plaintiff's Brief." The court declines to award fees for this work, except to the extent that Chambers had to "file" plaintiff's brief electronically. The brief Chambers filed on that date was – or should have been – a duplicate of the brief she filed on December 29, 2009 (the deadline for plaintiff's brief), as an attachment to her motion seeking an exception to the court's page limitation. (<u>See</u> Doc. # 12). The order granting plaintiff's motion seeking "permission to file the attached brief" (<u>id.</u>, ¶ 4) allowed her to do only that. Thus, Chambers should not have spent *any* time thereafter "finalizing" the brief. Of the three hours Chambers claims, the court will allow 0.1 hour for the time required to file the brief electronically after the court's order granting plaintiff's motion. The court also declines to compensate plaintiff for both of Chambers' motions for leave to file extra pages (<u>see</u> Docs. ## 11 and 12, filed

three business days apart)[3] and, accordingly, will deduct an additional 0.2 hours from the total hours she has claimed. Thus, the court allows 15.9 hours at the 2009 rate, 6.2 hours at the 2010 rate, and 1.2 hours at the 2011 rate for work performed by Chambers. The hours expended by attorney Bohr are reasonable, except to the extent that: (1) she spent 1.2 hours correcting deficiencies in her appellate brief;[4] (2) she spent an entire hour reviewing the Eleventh Circuit's 11-page opinion and the ECF notice of its issuance (the court finds a total of 0.3 hours to have been reasonably expended on these tasks); and (2) she spent 0.2 hours reviewing the Eleventh Circuit's mandate as to its earlier judgment (a task for which the court finds 0.1 hours to be reasonable). Thus, the court allows 51.5 hours at the 2011 rate and 14.1 hours at the 2012 rate for Bohr's work.

## Hourly Rate

The Commissioner argues that it is appropriate for the court to use the CPI-U for the "South" census region rather than the nationwide CPI-U in calculating the appropriate cost-of-living adjustment to the EAJA's statutory attorney fee rate cap of $125 per hour. Plaintiff argues that it is within the court's discretion to choose which indicator to use, and that the court should use the national index because it has done so previously. (Doc. # 33, pp. 9-10). While plaintiff obviously would prefer that the court adjust the statutory rate by using the slightly higher national figures, she does not suggest that the national index is a more

---

[3] The court was closed on the 23rd and 24th of December in 2010.

[4] Plaintiff indicates that she does not object to this deduction. (Doc. # 33, p. 10 n. 4).

accurate reflection of the cost-of-living increase in this district or in the district in which her appellate counsel practices.  In the absence of a good reason not to use the index drawn from data for this region, the court will calculate its cost-of-living adjustment to the statutory cap using the applicable regional annual average figures.  See, *e.g.*, Woods v. Colvin, 2013 WL 2422632 (S.D. Ala. June 3, 2013)(using South Urban CPI-U "All Items Index" figures to calculate EAJA fees).[5]  The court takes judicial notice of the appropriate figures, available on the website of the Bureau of Labor Statistics,[6] yielding the following hourly rates:

2009: $125/hr (207.845 ÷ 152.4) =  $170.48/hr

2010: $125/hr (211.338 ÷ 152.4) =  $173.34/hr

2011: $125/hr (218.618 ÷ 152.4) =  $179.31/hr

2012: $125/hr (223.242 ÷ 152.4) =  $183.11/hr[7]

Thus, plaintiff is entitled to EAJA fees as follows:

Chambers: 15.9 hours at $170.48/hr plus 6.2 hours at $ 173.34/hr plus 1.2

---

[5]  As plaintiff argues, this court has accepted the national figures previously.  However, the present fee petition is the first before the undersigned Magistrate Judge in which the Commissioner has argued that the regional figures are more appropriate.

[6]  See http://data.bls.gov/cgi-bin/surveymost?cu (South Region All Items CPI-U, Series ID "CUUR0300SA0").  The monthly CPI-U "All Items Index" figure for the South census region for March 1996, the month in which the 1996 amendment to the EAJA setting the $125 per hour cap became effective, was 152.4.  Id.

[7]  This hourly rate is higher than that sought in plaintiff's motion for 2012, a rate which plaintiff based on the early monthly figures for the national index.  However, it is apparent that plaintiff here seeks an hourly rate for her attorneys' work that is fully adjusted for the increase in the cost of living. The court declines to hold plaintiff to the lower requested rate for 2012; it will, instead, maintain consistency by applying the annual average for the CPI-U "All Items Index" for the South census region to calculate its award of fees for work performed in 2012.

hours at $179.31/hr, for a total of $4,000.51; and

Bohr:  51.5 hours at $179.31/hr plus 14.1 hours (including the additional 10 hours spent after the present motion was filed, including preparing plaintiff's reply brief, see Doc. # 33-1) at $183.11 for a total of $11,816.32.

### Claim for Expenses

Plaintiff seeks "expenses of $330.58 ... pursuant to the Equal Access to Justice Act." (Doc. # 28, p. 1).  Attached to the declaration of plaintiff's appellate counsel is a page bearing the heading "STATEMENT OF EXPENSES[,] *Dempsey v. Astrue*" (Doc. # 28-3, p. 6).  The itemized expenses include "FEDEX charges" of  $77.58 and "[c]opying costs" broken down as follows: (1) "Initial brief - 550 pages"; (2) "Excerpts - 198 pages"; and (3) "Reply - 264 pages" for a total of 1,012 pages, for which plaintiff seeks copying costs at the rate of $0.25 per page, for a total amount of $253.00.  (Id.).  Since the itemization of expenses was attached to the declaration of Sarah H. Bohr, it appears that all of the listed expenses were incurred on appeal.  (See Doc. # 28-3).

#### FedEx Charges

While Bohr's declaration refers to her attached schedule of hours (Id. at p. 4, ¶ 7), it does not mention the attached statement of expenses.  Thus, the only information plaintiff has provided about the FedEx charges is the amount that she claims.  She has provided this court no basis for concluding that the FedEx charges she incurred – on unspecified dates – were both necessary and reasonable in prosecuting her appeal, a conclusion required to

support this court's award of expenses under the EAJA.[8]  See Jean v. Nelson, 863 F.2d 759,

778 (11th Cir. 1988), *affirmed sub. nom.* Commissioner, I.N.S. v. Jean, 496 U.S. 154

(1990)(interpreting 28 U.S.C. § 2412(d)(2)(A) to allow reasonable and necessary expenses).

Accordingly, the court declines to award plaintiff the requested FedEx charges.

Copies

Plaintiff seeks reimbursement for "[c]opying costs" associated with her initial brief,

record excerpts, and reply brief.  (Doc. # 28-3, p. 6).  The Commissioner asserts that the

amount expended by plaintiff's appellate counsel for copies ($253.00) is a "cost" rather than

an "expense."  (See Doc. # 30 at p. 1 n. 3).  Plaintiff does not respond directly to this

contention.  However, in reply, she urges the court to grant her petition for attorney fees

"plus *expenses* of $330.58[.]"  (Doc. # 33, p. 14)(emphasis added).  Depending on the

circumstances, the EAJA authorizes a court to award "costs" or "other expenses" – or both

– to a party who prevails in litigation against the government.  A court may award "costs"

to a prevailing party unless such an award is otherwise precluded by statute.  28 U.S.C.

§ 2412(a)(1)(allowing "a judgment for costs, as enumerated in section 1920 of this title, but

---

[8]  The Eleventh Circuit's docket entries for plaintiff's briefs on appeal reflect service of plaintiff's initial and reply briefs on the Commissioner's counsel by "US Mail." (Court of Appeals general docket for Appeal # 11-11434, entries on 6/2/11 and 8/29/11).  Plaintiff has filed copies of both briefs, including unsigned certificates of service indicating service on opposing counsel "by FEDEX." (Doc. # 28-5 at p. 50; Doc. # 28-6 at p. 24).  Even if the FedEx charges were incurred for serving opposing counsel with these two briefs, there is nothing before the court suggesting that the use of the courier service, as opposed to U.S. mail, was necessary and reasonable.  However, the court does not decide whether it was reasonable and necessary, because Bohr's declaration provides no indication of when or why she incurred the FedEx charges for which plaintiff now seeks reimbursement.

9

not including the fees and expenses of attorneys"). With exceptions not relevant here, and unless the government's position was substantially justified or special circumstances render an award unjust, a prevailing party is entitled to an award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)[.]" 28 U.S.C. § 2412(d)(1)(A). The Commissioner argues that the distinction between costs and expenses is important because expenses are paid by the agency, while costs are paid from the DOJ judgment fund. (Doc. # 30, p. 1 n. 3; see also 28 U.S.C. § 2412(c)(1), § 2412(d)(4)). As discussed below, the distinction is important for another reason – this court's authority to grant plaintiff's motion as to the "[c]opying costs" depends on whether they are "costs, as enumerated in section 1920 of [Title 28]" as set forth in 28 U.S.C. § 2412(a), or "other expenses" that may be awarded pursuant to § 2412(d).

Section 1920 lists expenditures that a court may tax as costs, including "[f]ees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Rule 39 of the Federal Rules of Appellate Procedure also treats the cost of such copies as a taxable "cost." See Fed. R. App. P. 39(c)(requiring that each court of appeals, "by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f)"); see also 11th Cir. R. 39-1 (pertaining to "taxing costs for printing or reproduction and binding" and specifying the number of copies "of a brief and record excerpts" for which costs will be taxed, absent the clerk's advance approval for additional

copies).  This court concludes that plaintiff's expenditures for copying her appellate briefs and record excerpts are "costs" as described in § 2412(a)(1) rather than "other expenses" allowable under § 2412(d)(1)(A).

While the EAJA permits an award of "costs" against the United States, plaintiff must seek such an award through the framework established by the applicable federal rules of procedure.  Under these rules, plaintiff could have sought to have her copying costs included in the Eleventh Circuit's mandate by filing a bill of costs with the circuit clerk within fourteen days after the Eleventh Circuit issued its judgment on appeal.  Fed. R. App. P. 39(d).  She has chosen, instead, to seek reimbursement of such costs in this court.  The court's authority to award "costs" incurred on appeal is limited by Rule 39(e) of the Federal Rules of Appellate Procedure, and does not extend to the copying costs at issue.  Rule 39 specifies the "costs on appeal" that are taxable in the district court; they are: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal."  Fed. R. App. P. 39(e).[9]  The costs plaintiff

---

[9]  The court concludes that "the preparation and transmission of the record" as used in Rule 39(e)(1) means the preparation in and transmission from the district court of the official record, and does not include copying the record excerpts that an appellant must file with its brief pursuant to Eleventh Circuit Rule 30-1.  See 11th Cir. R. 30-1 (providing that "appeals from district courts ... shall be on the original record without requirement of the appendix prescribed by FRAP 30" and setting forth which portions of that original record the appellant must copy and file with its brief); cf. Fed. R. App. P. 11(a)("An appellant filing a notice of appeal must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record."); Fed. R. App. P. 11(b)(2)(requiring a party to arrange with the clerks for transportation and receipt of unusually bulky or heavy exhibits; 11th Cir. R. 11-3, "Preparation and Transmission of Exhibits -

incurred in copying her appellate briefs and record excerpts are not among those that Rule 39

authorizes this court to tax.  Thus, to the extent that plaintiff seeks an award of such costs,

her motion is due to be denied.[10]

## CONCLUSION

For the foregoing reasons, it is ORDERED that plaintiff's petition for attorney fees

(Doc. # 28) is GRANTED in part and DENIED in part as follows:

(1) plaintiff [11] is awarded fees in the total amount of such fees to the plaintiff in the

---

Duties of the District Court Clerk" (providing that a party may be requested to personally transfer oversized exhibits); IOP 3 to 11th Cir. R. 11  ("Ordinarily, oversized exhibits must be transmitted at the expense of the party requesting same" and encouraging substitution of "photographs, diagrams, or models of lesser size and weight" for such exhibits).

[10]  In the alternative, the court concludes that plaintiff is not entitled to prevail as to these expenditures even if this court has the authority to tax them.  A court may not tax an item of "costs" without verification – by affidavit or declaration – that "such item [of costs] is correct and has been necessarily incurred in the case[.]"  28 U.S.C. § 1924.  As noted above, Bohr's declaration does not address the items included in her "Statement of Expenses." Thus, plaintiff's claim for reimbursement of copying costs also fails for lack of the verification required by § 1924.  Additionally, the EAJA allows a judgment for costs against a federal agency or official "[e]xcept as otherwise specifically provided by statute."  28 U.S.C. § 2412(a)(1).  Rule 39 includes a substantially similar exception.  See Fed. R. App. P. 39(a)(setting forth rules for assessing costs on appeal that "apply unless the law provides or the court orders otherwise"); Fed. R. App. P. 39(b)("Costs for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law.").  Plaintiff proceeds in forma pauperis in this action.  (Doc. ## 2, 3; 11th Cir. docket 3/31/2011 noting "Fee Status: IFP Granted.").  The IFP statute provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred."  28 U.S.C. § 1915(f)(1).  Accordingly, even if plaintiff's copying costs were verified as required by § 1924, this court could not assess them against the Commissioner.

[11]  Plaintiff "proposes that any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt," and that, "[i]f the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel."  Doc. # 28-4, p. 8; see Doc. # 28-1 (plaintiff's contract with Chambers including a purported assignment of "attorney fees payable under the Equal Access to Justice Act" to plaintiff's attorneys, indicating

total amount of $15,816.83, including $4,000.51 for work performed by Chambers and $11,816.32 for work performed by Bohr; and

(2) plaintiff's request for "expenses" in the amount of $330.58 is denied.

DONE, this 27th day of June, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

that "[s]uch fees are generally made payable directly to Attorney," and authorizing counsel to sign plaintiff's name to any check issued to plaintiff for EAJA fees). The Commissioner objects to any order awarding fees other than to the plaintiff. The Commissioner has not waived the protection of the Anti-Assignment Act, 31 U.S.C. § 3727, in this matter (see Doc. # 30, pp. 19-20), and the court declines to make a contingent award to plaintiff's counsel on the terms proposed in plaintiff's motion.